RIVERA, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action for Damages for Libel.

No. 2363.—Decided March 11, 1921.

APPEAL—TRANSCRIPT OF RECORD.—A transcript which contains only a motion to set aside certain orders entered in the action, the order appealed from overruling the said motion and the notice of appeal, is not sufficient to give the Supreme Court jurisdiction, for the motion alone is no proof of the facts therein alleged. If the appellant does not include in the transcript the evidence offered in support of the motion, so as to put the Supreme Court in the same position as the trial court was when it made the order appealed from, the appeal will be dismissed.

The facts are stated in the opinion.

*Mr. Victor P. Martínez* for the appellant.

*Messrs. J. C. Rivera* and *L. Llorens Torres* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In case No. 2128 of the District Court of Aguadilla, brought by José C. Rivera against Víctor P. Martínez for libel and damages, the defendant filed, on September 9, 1920, an unverified motion dated August 25, 1920, asking that the judgments and orders entered therein on October 26, 1917; October 6, 1918; June 27, 1919, and March 5, 1920, be set aside; that the acts executed under them be annulled, and that the action be restored to its *status quo ante.* The motion contains allegations of fact and law and the record of the case is offered in evidence.

On the day set for a hearing on the said motion the parties appeared and at the instance of both the hearing was set for a later day, on which plaintiff Rivera did not appear because he was ill, according to a telegram received from him. The defendant submitted the motion to the court and on October 27, 1920, it was overruled.

This ruling was appealed from by Martínez, who has brought up to this court a transcript which contains only his motion, the order of the court and his notice of appeal.

That transcript is not a sufficient basis upon which to consider whether the order appealed from is erroneous or correct, because the mere motion of the appellant being inadequate to prove its allegations (*People* v. *Pujols,* 23 P. R. R. 818), the appellant should have placed this court in the position of the lower court when it entered the order appealed from by including in the transcript the proceedings which he offered in evidence in order to show this court that the allegations of his motion were true.

The failure to include these proceedings precludes a consideration of this appeal and it must be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.